IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| WENDY JANETH CHAVEZ RAMOS, <br><br> Petitioner, <br><br> v. <br><br> EDUARDO ISMAEL ACOSTA OBREGON and LUIS FRANCISCO ACOSTA OBREGON, <br><br> Respondents. | CIVIL ACTION FILE <br><br> NO. 3:22-cv-116-TCB |

## ORDER AND JUDGMENT

This case comes before the Court on Petitioner Wendy Janeth Chavez Ramos's verified complaint pursuant to the Hague Convention and the International Child Abduction Remedies Act, 42 U.S.C. § 11601, et seq. ("ICARA"). Petitioner seeks the return of her son, L.E.A.C., to Mexico.

On June 28, Petitioner filed her complaint and motion for a temporary restraining order.[1]

On July 6, the Court conducted an initial hearing and set a discovery schedule. The Court also enjoined Respondents Eduardo Ismael Acosta Obregon ("Father") and Luis Francisco Acosta Obregon ("Uncle") from removing L.E.A.C. from the Court's jurisdiction.

At the initial hearing, the Court noted its commitment to try this case on an expedited timeline and according to its scheduling order, specifically, on September 9. Both Petitioner and Respondents indicated their understanding of and assent to the Court's timeline.

Respondents did not timely answer the petition.

Petitioner promptly served discovery requests upon Respondents, but they never responded.

---

[1] On September 27, 2021, Petitioner initiated custody proceedings in Mexico. Despite difficulty effecting service, the child's father has been aware of the Mexican custody proceedings and has received documentation thereof.

On July 12, Petitioner filed a motion [20] for default judgment. Because of the Court's preference for trying cases of this nature on the merits, the Court denied [22] that motion the next day.[2]

On August 19, Petitioner filed a second motion [39] for default judgment, to compel discovery, and for sanctions, based on Respondents' failure to respond to Petitioner's discovery requests. Respondents never filed any response to that motion.

On the afternoon of Thursday, September 8, the day prior to the trial, Respondents filed their answer [45] to the petition.[3]

On the morning of September 9, the Court proceeded to start the trial. Prior to opening statements, Respondents' new counsel—who filed Respondents' answer the day before—addressed the Court. He conceded that Petitioner has made a prima facie case for return of the child, and he represented that Respondents' only defense at trial would be the mature child exception. Counsel indicated that he wanted to call the

---

[2] On August 4, the Court conducted a show cause hearing. At the hearing, the Court again admonished Respondents—who were appearing pro se—that they were required to promptly respond to all discovery requests.

[3] Notably, this belated answer raised no affirmative defenses.

child to testify as to his alleged preference to remain in the United States.

Petitioner's counsel objected to Respondents' last-minute assertion of the mature child defense, as it was raised for the first time on the morning of trial.

## I.     Findings of Fact[4]

Here, the undisputed facts are that Petitioner and Father are Mexican citizens who met in the United States. L.E.A.C. was born to Petitioner and Father in 2008 in Newnan, Georgia. When L.E.A.C. was one, Petitioner moved with L.E.A.C. from Father's residence in Newnan to Mexico. The parents agreed that Petitioner and L.E.A.C. would live in Mexico while Father remained in Georgia.

In the intervening years, this arrangement was largely successful. L.E.A.C. attended school in Mexico but frequently traveled to Georgia during school breaks. In 2016, Petitioner, Father, and L.E.A.C. vacationed together in Orlando, Florida.

---

[4] The Court finds that Petitioner has adequately proven the facts averred in her petition [11] and will incorporate them by reference. The Court nevertheless provides a brief factual summary below.

4

L.E.A.C. lived with Petitioner in her home where he had his own bedroom. He was surrounded by family in Mexico including a younger half-sister. He attended school in Mexico and earned excellent grades. He was involved in sports and other extracurricular activities. He has health insurance through Petitioner's husband and is up to date on his vaccines.

L.E.A.C. was enrolled in school in Mexico for the 2021-22 school year. On July 1, 2021, he traveled from Mexico to Georgia to visit Father and Uncle. Per the parties' prior agreement, a return flight was not purchased because L.E.A.C. was to return to Mexico by car, accompanied by Uncle. L.E.A.C. traveled using his Mexican passport because his U.S. passport was expired.

In August 2021, Father informed Petitioner that L.E.A.C. would not be returning to Mexico. Father and Uncle made the decision to enroll L.E.A.C. in school in Newnan for the upcoming 2021-22 school year. Father enrolled L.E.A.C. in seventh grade, the equivalent of which he had already completed in Mexico.

At that time, Petitioner began communicating with the Mexican State Department in an effort to facilitate the return of the child. Petitioner also requested that the Coweta County Sheriff's Department aid in the return of the child. Coweta County deputy sheriffs performed a well-check at Father's residence but were unable to do anything further.

## II.   Conclusions of Law

United States District Courts have original jurisdiction over actions arising under ICARA. 42 U.S.C. § 11603. But this jurisdiction is extremely limited. Section 11601(b)(4) provides, "The [Hague] Convention and this chapter empower courts in the United States to determine only rights under the [Hague] Convention and not the merits of any underlying child custody claims."

Section 11603(e) outlines the burdens of proof for an action seeking the return of a child under ICARA. A plaintiff seeking the removal of the child from the United States must establish by a preponderance of the evidence that the child has been wrongfully removed or retained within the meaning of the Hague Convention.

Under ICARA, Petitioner must establish by a preponderance of the evidence that L.E.A.C. has been "wrongfully removed or retained within the meaning of the Convention." 22 U.S.C. § 9003(e)(1)(A).

To establish a prima facie case of wrongful retention under the Convention, Petitioner must show that (1) the habitual residence of L.E.A.C. at the time of the retention was Mexico; (2) the retention breached Petitioner's custody rights under Mexican law; and (3) Petitioner was exercising custody rights immediately prior to the retention. *See* Hague Convention, art. 3; *Chafin v. Chafin*, 742 F.3d 934, 938 (11th Cir. 2013) (per curiam).

As previously indicated, Respondents conceded just before the commencement of the trial that Petitioner had established a prima facie case of wrongful retention. Accordingly, the Court holds that L.E.A.C.'s habitual residence is in Mexico, where he lived with his mother since age one. The Court further holds that Petitioner was exercising her custodial rights at the time of the wrongful retention and that the wrongful retention interfered with her custodial rights under Mexican law.

Respondents' lone defense to Petitioner's prima facie case is the mature child exception, which is an affirmative defense under the Hague Convention. *See Romero v. Bahamonde,* 857 F. App'x 576, 583 (11th Cir. 2021). This affirmative defense was not raised in Respondents' pleading, the answer [45] that they filed just eighteen hours before the trial was scheduled to begin.

Moreover, Petitioner served discovery requests early in the case, including interrogatories and requests for admission, directed towards the issue of what defenses—including the mature child exception—Respondents intended to raise. Not only did Respondents fail to respond to any of Petitioner's discovery requests, they also failed to respond to Petitioner's August 19 motion [39] to compel discovery and for sanctions relating to these requests.

Because Respondents repeatedly failed to respond to pleadings, discovery requests, and Petitioner's motion to compel discovery, the Court is not inclined to allow an eleventh-hour change of course. Allowing Respondents to assert the mature child exception for the first time at trial, having failed to raise it earlier, would severely prejudice

Petitioner. *Accord Leon v. Ruiz*, No. MO:19-CV-293-RCG (W.D. Tex. Mar. 13, 2020).

Accordingly, the Court finds that Petitioner has established a prima facie case of wrongful retention under the Hague Convention and that no affirmative defenses apply.

The petition [11] for return of the child is granted. Additionally, the Court hereby orders the following:

- The minor child, L.E.A.C., shall be returned to Petitioner in Mexico.

- The child shall be released into the temporary custody of Petitioner's counsel on September 10 at noon EDT, outside of the Lewis R. Morgan Federal Building and United States Courthouse, 18 Greenville Street, Newnan, GA 30263.

- Specifically, Karen Perez of the Manely Firm, P.C., shall have temporary custody of the child for the sole purpose of facilitating his return to Mexico.

- The Clerk is authorized to release both of L.E.A.C.'s passports to Petitioner's counsel to facilitate the child's return to Mexico.

- The temporary restraining order [17] requiring L.E.A.C. to remain the Northern District of Georgia is lifted upon transfer of custody to Petitioner's counsel.

- As indicated by the Petitioner, Petitioner will be responsible for the child's transportation expenses.

- Petitioner shall immediately notify Respondents and this Court of the child's safe arrival in Mexico.

- L.E.A.C. shall not be removed from the Northern District of Georgia prior to the transfer of custody to Petitioner's counsel.

- Petitioner's counsel shall have twenty-one days from the date of this Order to submit a motion for attorneys' fees and costs. Respondent shall have fourteen days to respond to such motion.

Additionally, Petitioner's motions [26, 39] for default judgment and to compel discovery are denied as moot. Accordingly, judgment is hereby entered in favor of Petitioner and against Respondents on the petition for return of the minor child.

IT IS SO ORDERED this 9th day of September, 2022.

_____
Timothy C. Batten, Sr.
Chief United States District Judge